1   JAMES FARINARO, ESQ. (#146189)
    LAW OFFICE OF JAMES FARINARO
2   852 East 14th Street
    San Leandro, CA  94577
3   Telephone:  (510) 553-1200
    Email: jfarinaro@aol.com
4
    Attorney for Plaintiff/Cross-Defendant
5   JULIANNE F. CATALANO

6

7                        UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   JULIANNE F. CATALANO,              )   NO.  3:17-cv-06389 DMR
                                       )
10                    Plaintiff,       )   **PLAINTIFF/CROSS-DEFENDANT**
                                       )   **JULIANNE F. CATALANO'S NOTICE OF**
11           v.                        )   **MOTION AND MOTION TO DISMISS THE**
                                       )   **FIRST AND SECOND CAUSES OF ACTION**
12   OPPENHEIMER & CO., INC.; CONNI    )   **OF THE FIRST AMENDED CROSS-**
     TROEST CATALANO; and DOES 1 through )  **COMPLAINT OF DEFENDANT/CROSS-**
13   25;                               )   **COMPLAINANT CONNI TROEST**
                                       )   **CATALANO; MEMORANDUM OF POINTS**
14                    Defendants.      )   **AND AUTHORITIES IN SUPPORT**
     _____  )   **THEREOF**
15   CONNI TROEST CATALANO,            )
                                       )
16                    Cross-Complainant, )  **Date:        January 11, 2018**
                                       )  **Time:        11:00 a.m.**
17           v.                        )  **Place:       Courtroom 4 [3rd Floor]**
                                       )  **             [1301 Clay Street, Oakland]**
18   OPPENHEIMER & CO., INC.; JULIANNE )
     F. CATALANO; and ROES 1 through 25, )  The Honorable Donna M. Ryu
19   _____  )

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   NOTICE OF MOTION AND MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C.   LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        1.   Defendant/Cross-Complainant Conni Catalano Has No Standing to Bring the First or Second Causes of Action of the First Amended Cross-Complaint Because it Fails to Allege Any Basis for Conni Catalano to Bring the Claims on Behalf of the Minor Children and Therefore Should Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        2.   The First and Second Causes of Action of the First Amended Cross-Complaint Fails to State a Claim Because it Fails to Allege Any Factual Basis for the Felonious Killing of the Decedent and Should Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

i

1

**TABLE OF AUTHORITIES**

2

**Page**

**FEDERAL CASES**

3  *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 7, 11

4  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . 5, 7

5  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 7, 12

6  *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917 (9th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . 12

7  *Ileto v. Glock, Inc.*, 349 F.3d 1191 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

8  *Lazar v. Kronke,* 862 F.3d 1186 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

9  *Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

10  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11

**FEDERAL RULES AND STATUTES**

12  Fed.R.Civ.P 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

13  Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 7

14  26 U.S.C. § 417(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15  28 U.S.C. § 408 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

16  29 U.S.C. § 1144(a)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17

**CALIFORNIA STATE STATUTES**

18  Code of Civil Procedure § 369 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

19  Family Code § 760 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

20  Family Code § 1100(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

21  Probate Code § 250(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7, 8

22  Probate Code § 5000(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7, 8

23  Probate Code § 251 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7, 8

24  Probate Code § 6402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

25

**CALIFORNIA STATE CASES**

26  *Estate of Lowrie* (2004) 118 Cal. App. 4th 220 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

27  *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995 . . . . . . . . . . . . . . . . . . . . . . . . . 9

28

**I.**          **NOTICE OF MOTION AND MOTION**

          **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:** Notice is hereby given

that on January 11, 2018, at 11:00 a.m. in Courtroom of Judge Donna M.. Ryu of the U.S.

Courthouse at 1301 Clay Street, Oakland, CA, 3rd Floor, Courtroom 4, plaintiff/cross-defendant

JULIANNE F. CATALANO ("Cross-Defendant" or "Julianne Catalano") will and does hereby move

to dismiss the first and second causes of action of the First Amended Cross-Complaint filed by Cross-

complainant Conni Troest Catalano ("First Amended Cross-Complaint" or "FACC"). This motion is

made pursuant to Fed. R. Civ. P. 12(b)(6) in that the first and second causes of action of the First

Amended Cross-Complaint fails to state a claim upon which relief can be granted against the moving

party.

          This motion is based on this motion, this memorandum of points and authorities in support of

the motion, and all other relevant documents on file in this action.

          The issues to be decided:

          1.          Are the factual allegations of the First Amended Complaint, disregarding legal

conclusions, sufficient to support a claim for relief against plaintiff/cross-defendant Julianne

Catalano pursuant pursuant to *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) and *Ashcroft

v. Iqbal,* 556 U.S. 662, 678 (2009).

          2.          Does the cross-complainant state a claim for relief against plaintiff/cross-defendant

Julianne Catalano?

          Plaintiff/Cross-defendant Julianne Catalano seeks relief on this motion to dismiss as as

follows.  Plaintiff/Cross-defendant Julianne Catalano requests that the Court grant the motion to

dismiss the first and second causes of action of the First Amended Cross-Complaint filed by the

defendant/Cross-complainant Conni Troest Catalano ("Cross-Complainant" or "Conni Catalano"),

without leave to amend.

**II.**     **MEMORANUM OF POINTS AND AUTHORITIES**

          Plaintiff/Cross-defendant, Julianne Catalano, submits this memorandum of points and

authorities in support of this motion to dismiss the first and second causes of action of the first

amended cross-complaint of defendant/cross-complainant Conni Catalano.  Julianne Catalano is the

1

1    plaintiff and cross-defendant in this action filed against defendants Oppenheimer & Co., Inc.

2    ("Oppenheimer") and Conni Troest Catalano.

3         This case arises out of a dispute over funds in a "SEP IRA" or simplified employee pension

4    individual retirement account for Jannik Catalano, who became deceased on April 30, 2017.  FACC,

5    ¶¶ 2, 6-10, 16. He was survived by his wife Julianne Catalano and two minor children.  *Id*.  The

6    cross-complainant contends that Connie Catalano is the named beneficiary, while the cross-defendant

7    Julianne Catalano claims that she is entitled to the funds in the SEP IRA that represent her portion of

8    community property under California law transferred to the IRA.  FACC, ¶¶ 2, 6-10, 16.

9         For the reasons shown below, this court should grant plaintiff/cross-defendant Julianne

10   Catalano's motion to dismiss the first and second causes of action of the First Amended Cross-

11   complaint.  The court should not grant leave to amend unless the defendant/cross-complainant Conni

12   Catalano can demonstrate how the complaint can be amended to state a cause of action.

13   **A.     INTRODUCTION**

14        The defendant and cross-complainant Conni Catalano filed her cross-complaint against

15   multiple cross-defendants, including Julianne Catalano.  On October 2, 2017, cross-complainant

16   Conni Catalano filed a first amended cross complaint.  The FACC alleges two causes of action

17   against Julianne Catalano for: (1) Declaratory Relief; Felonious and Intentional Killing; Probate

18   Code §§ 250(a)(4) and 5000(a); and (2) Declaratory Relief; Felonious and Intentional Killing;

19   Probate Code §§ 250(a)(4), 5000(a), 251, and 252.  Cross-Complaint, ¶ 11-39.

20        Defendant/Cross-complainant Conni Catalano alleges in relevant part that:

21             24.     Cross-complainant is informed and believes, and on that basis alleges that in
               the early morning hours of April 30, 2017, after cross-defendant Julianne Catalano's husband
22             Jannik Catalano had consumed substantial quantities of whisky to numb his miserable
               despondent state, he became very inebriated by consuming the alcohol, and while Jannik
23             Catalano was still very much inebriated, **cross-defendant Julianne Catalano knowingly and
               with premeditation gave at least 3 Diazepam 10 milligram pills to Jannik Catalano to
24             take orally to knock him out, which he did**.  FACC, ¶ 24.

25        Defendant/Cross-complainant Conni Catalano further alleges:

26             26.     On July 19, 2017, cross-defendant Julianne Catalano filed a Complaint in the
               matter herein, entitled Julianne F. Catalano v. Oppenheimer & Co., Inc., case no. CGC 17-
27             559627, in the San Francisco Superior Court, seeking ownership and recovery of all
               contributions and profits in the SEP IRA which is the subject of this First Cause of Action.
28             As a proximate result, an actual controversy has arisen and now exists between cross-

2

defendants Julianne and Oppenheimer, and each of them, concerning the respective rights and duties as to the funds in the SEP IRA which is the subject of this action. Cross-complainant Conni Troest Catalano contends that . . . Conni Troest Catalano is the owner of the SEP IRA, and all the contributions, proceeds, interest, gains, dividends and profits thereon, as the successor beneficiary upon the death of Jannik Catalano, but should that not be the case, plaintiff/cross-defendant has no ownership interest in the SEP IRA under section 250(a)(4) and 5000(a) of the California Probate Code as a result of the felonious and intentional killing of beneficiary Jannik Catalano by cross-defendant Julianne Catalano. FACC, ¶ 26.

The third cause of action is alleged only against cross-defendant Oppenheimer.  Cross-Complaint, ¶¶ 37-47.  Therefore, plaintiff and cross-defendant Julianne Catalano is not a party to the third cause of action of the cross-complaint.

In the first cause of action, the FACC alleges a claim for declaratory relief.  The FACC alleges that one-half of the community property from the marriage between Jannik Catalano and Julianne Catalano was and remains decedent Jannik Catalano's community property under Probate Code § 100 to gift as he sought fit, upon his death.  FACC ¶ 16.  Defendant/Cross-Complainant alleges that under Probate Code § 250(a)(4), a person who feloniously and intentionally kills the decedent is not entitled to any property of the decedent under California Probate Code § 5000(a).  FACC ¶ 17.  Defendant/Cross-complainant alleges that as a result of the felonious and intentional killing of her husband Jannik Catalano, the plaintiff/cross-defendant is barred from claiming the right to ownership and distribution of the community property funds in the subject "SEP IRA" under Probate Code § 250(a)(4) and § 5000(a).

The FACC alleges that Conni Catalano was the designated beneficiary of the Jannik Catalano's "SEP IRA" account, which was managed by cross-defendant Oppenheimer.  FACC ¶¶ 2, 6, and 9.

In the second cause of action, the FACC also alleges a cause of action for declaratory relief.  The FACC alleges that plaintiff/cross-defendant Julianne Catalano did commit a "felonious and intentional killing" of her husband Jannik Catalano, .  FACC, §§ 2, 27, 30-38.  As a result, defendant/cross-complainant alleges that the killer has no right of survivorship, and is not entitled to any rights in real property, personal property, accounts, life insurance policies, and other property.  FACC, §§ 30-38.

Defendant/cross-complainant alleges that said monies and property should be placed in a trust

3

1  for the benefit of the minor children of the decedent Jannik Catalano, by way of Probate Code §§ 251,

2  250(a) and 5000(a).  FACC, §§ 36-38.

3      The following relevant paragraphs of the FACC are based solely on information and belief:

4  Paragraph 18, alleges that during the marriage cross-defendant Julianne Catalano "physically
   assaulted and battered Jannik Catalano in drunken rage...and had threatened to kill him."

5

6  Paragraph 19, alleges that "prior to Jannik Catalano's death on April 30, 2017, Jannik
   Catalano threatened to divorce cross-defendant Julianne Catalano as a result of the abusive
   conduct described in paragraph 18 hereinabove."

7

8  Paragraph 20, alleges that "at the encouragement and assistance of cross-defendant Julianne
   Catalano, a life insurance policy was taken out on Jannik Catalano's life in the amount of
   $1,000,000 through a life insurance agent who is a close friend of cross-defendant Julianne

9  Catalano."

10 Paragraph 22, alleges that "Jannik Catalano and cross-defendant Julianne Catalano flew to Puerto
   Valarta area in Mexico on April 26, 2017 to work out their marriage problems, and then checked

11 into the Villa La Estancia Hotal in Nuevo Vallarta....Julianne Catalano and her husband Jannik
   Catalano fought verbally and physically during their trip to Nevo Vallarta and Jannik Catalano

12 was in a miserable depondent state during the trip, and at the time of death had various bruises
   on most of the extremities of his body."

13

14 Paragraph 23, alleges that "on or about April 29, 2017, cross-defendant Julianne Catalano
   acquired without any physician's prescription at least 20 Diazepam 10 milligram pills, which are
   controlled substances in both Mexico and the United States, including California which is cross-

15 defenant Julianne Catalano's State of residence."

16 Paragraph 24, alleges that "in the early morning hours of April 30, 2017, after Jannik Catalano
   had consumed very substantial quantities of whisky to numb his miserable despondent state for

17 at lease two days and while Jannik Catalano was in a very inebriated state, cross-defendant
   Julianne Catalano, knowingly and with premeditation gave at least 3 Diazepam 10 milligram pills

18 to Jannik Catalano to take orally to knock him out, which he did."

19 Paragraph 25, alleges that "the combination of large quantities of alcohol and Diazepam
   consumed by Jannik Catalano resulted in bronchial asphyxiation and heart failure and his death

20 on the morning of April 30, 2017."

21 Paragraph 30, incorporates and realleges paragraphs 1-29.

22     By way of background, Plaintiff/cross-defendant Julianne Catalano's original complaint in this

23 action names two defendants, (1) Conni Catalano, and (2) Oppenheimer & Co., Inc. ("Oppenheimer")

24 (the "Complaint").  Complaint, ¶¶ 1, 6, 12, 15.  The first cause of action alleges a cause of action against

25 Connie Catalano for community property distribution without spousal consent pursuant to California

26 Family Code § 760 and § 1100(b).  The Complaint alleges that during the marriage of Julianne Catalano

27 and Jannik Catalano, Jannik Catalano made substantial monetary dispositions from community property

28 to Jannik Catalano's SEP IRA held by custodian Oppenheimer.  Complaint, ¶ 8.  However, prior to the

4

1   marriage of Jannik Catalano and Julianne Catalano, Jannik Catalano designated the benefiary of the SEP

2   IRA upon his death as Conni Catalano.  *Id*.  On April 30, 2017, Jannik Catalano became deceased.

3   Complaint, ¶ 1.  Plaintiff/cross-defendant Julianne Catalano seeks her one-half interest in community

4   property that was transferred to the SEP IRA during her marriage to Jannik Catalano.

5        In the second cause of action to quiet title to community property, Julianne Catalano alleges that

6   an actual controversy has arisen and exists between plaintiff and defendants Oppenheimer and Conni

7   Catalano concerning the respective right and duties as to funds in the SEP IRA, and seeks a judicial

8   determination of the ownership of the funds in the SEP IRA, including whether it is community property

9   to which plaintiff and cross-defendant Julianne Catalano is entitled to ownership.  Complaint, ¶¶ 13-14.

10  In the third cause of action, Julianne Catalano alleges a cause of action for declaratory relief re title to

11  community property.  Complaint, ¶ 15-18.  The third cause of action also alleges that an actual

12  controversy has arisen and exists between plaintiff and defendants Oppenheimer and Conni Catalano

13  concerning the respective right and duties as to funds in the SEP IRA, and seeks a judicial determination

14  of the ownership of the funds in the SEP IRA, including whether it is community property to which

15  plaintiff and cross-defendant Julianne Catalano is entitled to ownership.  Complaint, ¶¶ 16-18.  The third

16  cause of action alleges that Conni Catalano contends that she is the owner of the SEP IRA upon the death

17  of Jannik Catalano.  *Id*.

18      **B.    <u>STANDARD OF REVIEW</u>**

19       Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss can be made and granted

20  when the complaint fails "to state a claim upon which relief can be granted."  Dismissal under Rule

21  12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support

22  a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A

23  dismissal motion under Rule 12(b)(6) challenges a complaint's compliance with the federal pleading

24  requirements.  The complaint must give the defendant "'fair notice of what the ... claim is and the

25  grounds upon which it rests.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v.*

26  *Gibson*, 355 U.S. 41, 47 (1957).

27       To meet this requirement, the complaint must be supported by factual allegations. *Ashcroft v.*

28  *Iqbal*, 556 U.S. 662, 678 (2009). The Federal Rules require that a complaint include a "short and plain

1   statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2).  In order to

2   survive a motion to dismiss, a plaintiff must allege facts that are enough to raise his right to relief "above

3   the speculative level." *Twombly,* 550 U.S. at 555.  While the complaint "does not need detailed factual

4   allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

5   [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

6   of action will not do."  *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of

7   "further factual enhancement."  *Id.* at 557.  In short, a plaintiff must allege "enough facts to state a claim

8   to relief that is plausible on its face," not just conceivable. *Id.* at 570.

9          "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

10  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,*

11  556 U.S. 662, 663 (2009) (citing *Twombly,* 550 U.S. at 556).  "The plausibility standard is not akin to

12  a probability requirement, but it asks for more than a sheer possibility that a defendant has acted

13  unlawfully."  *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556) (quotation marks omitted).

14  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of

15  the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal,* 556 U.S. at 696 (citing

16  *Twombly,* 550 U.S. at 557) (quotation marks omitted).

17         The Court in *Iqbal* identified two "working principles" governing motions to dismiss.  First, the

18  tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

19  conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory

20  statements, do not suffice.  *Id.,* 556 U.S. at 663-664.  Second, only a complaint that states a plausible

21  claim for relief survives a motion to dismiss.  *Id.*  "[W]ere the well-pleaded facts do not permit the court

22  to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that

23  the pleader is entitled to relief."  *Id.,* at 679 (internal citations and quotation marks omitted).

24         While legal conclusions can provide the framework of a complaint, neither legal conclusions nor

25  conclusory statements are themselves sufficient, and such statements are not entitled to a presumption

26  of truth. *Iqbal,* 556 U.S. at 678. *Iqbal* and *Twombly* therefore prescribe a two-step process for evaluation

27  of motions to dismiss. The court first identifies the non-conclusory factual allegations, and then

28  determines whether these allegations, taken as true and construed in the light most favorable to the

6

1  plaintiff, "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664.

2  "Plausibility," as it is used in *Twombly* and *Iqbal*, does not refer to the likelihood that a pleader

3  will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual

4  allegations, when assumed to be true, "allow the court to draw the reasonable inference that the defendant

5  is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "The plausibility standard is not akin to a

6  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

7  unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557).   A complaint may fail to show a right to relief

8  either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal

9  theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10  In considering a motion to dismiss, a court may begin by identifying allegations that, because they

11  are mere conclusions, are not entitled to the assumption of truth.  *Iqbal,* 556 U.S. at 664.  Legal

12  conclusions can provide the complaint's framework, but they must be supported by factual allegations.

13  *Id.*  When a complaint contains well-pleaded factual allegations, a court should assume their veracity and

14  then determine whether they plausibly give rise to an entitlement to relief. *Id.* In sum, "for a complaint

15  to survive a motion to dismiss, the non-conclusory 'factual content' and reasonable inferences from that

16  content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret*

17  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

18  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all

19  factual allegations and must construe all inferences from them in the light most favorable to the

20  nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Legal conclusions, however,

21  need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock,*

22  *Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

23  **C.**   **LEGAL ARGUMENT**

24  **1.**   **Defendant/Cross-Complainant Conni Catalano Has No Standing to Bring the First or Second Causes of Action of the First Amended Cross-Complaint**
25  **Because it Fails to Allege Any Basis for Conni Catalano to Bring the Claims on Behalf of the Minor Children and Therefore Should Be Dismissed**

26  The court should grant this motion to dismiss because defendant/cross-complainant has no

27  standing to bring the claims for the two minor children of the decedent Jannik Catalano.  The FACC

28  alleges that under the California Probate Code §§ 250-252, the property passes as if the killer

7

predeceased the decedent.  FACC ¶¶ 27, 31-33, 35-38.  The first amended cross-complaint admits that the beneficiary of the property interests identified therein passes to the two minor children of the decedent.  FACC ¶¶ 27, 31-33, 35-38.

In the first cause of action, the FACC alleges a claim for declaratory relief.  Defendant/Cross-complainant alleges that as a result of the felonious and intentional killing of her husband Jannik Catalano, the plaintiff/cross-defendant is barred from claiming the right to ownership and distribution of the community property funds in the subject "SEP IRA" under Probate Code § 250(a)(4) and § 5000(a).  FACC ¶ 17. The California Probate Code sections relied upon by defendant/cross-complainant Conni Catalano are:

Probate Code § 250 provides:

(a) A person who feloniously and intentionally kills the decedent is not entitled to any of the following:

(4) Any property of the decedent under Division 5 (commencing with Section 5000).

Probate Code § 251 provides:

A joint tenant who feloniously and intentionally kills another joint tenant thereby effects a severance of the interest of the decedent so that the share of the decedent passes as the decedent's property and the killer has no rights by survivorship.  This section applies to joint tenancies in real and personal property, joint and multiple-party accounts in financial institutions, and any other form of coownership with survivorship incidents.

Probate Code § 252 provides:

A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

Probate Code § 5000(a) provides:

(a)     A provision for a nonprobate transfer on death in an insurance policy, contract of employment, bond, mortgage, promissory note, certificated or uncertificated security, account agreement, custodial agreement, deposit agreement, compensation plan, pension plan, individual retirement plan, employee benefit plan, trust, conveyance, deed of gift, revocable transfer on death deed, marital property agreement, or other written instrument of a similar nature is not invalid because the instrument does not comply with the requirements for execution of a will, and this code does not invalidate the instrument.

Regarding community property, Family Code § 760 and § 1100(b) provide, as follows.  Family Code § 760, states: "Except as otherwise provided by statute, all property, real or personal, wherever

8

situated, acquired by a married person during the marriage while domiciled in this state is community property."  Family Code § 1100(b), "A spouse may not make a gift of community personal property, or dispose of community personal property for less than fair and reasonable value, without the written consent of the other spouse."

None of these sections above in the Probate Code provides any basis for standing on the part of Conni Catalano.  The FACC does not contain any allegations that Conni Catalano has any standing to bring claims on behalf of the minor children of the decedent.  There is no guardian ad litem appointed in this case, nor are the two minor children named parties in this action.  There are no allegations that defendant/Cross-complainant Conni Catalano is the personal representative or executor of any estate or probate action, nor is there any allegations that she is a trustee of any trust.

The general rule, both at common law and by statute, is that the personal representative of an estate is the proper party to sue on behalf of the estate absent special circumstances. California Code of Civil Procedure ("CCP") § 369.  Nor is there is no allegation that she is the administrator of the "SEP IRA."  California Code of Civil Procedure § 369 states:

(a) The following persons may sue without joining as parties the persons for whose benefit the action is prosecuted:

(1) A personal representative, as defined in subdivision (a) of Section 58 of the Probate Code.

(2) A trustee of an express trust.

(3) Except for a person upon whom a power of sale has been conferred pursuant to a deed of trust or mortgage, a person with whom, or in whose name, a contract is made for the benefit of another.

(4) Any other person expressly authorized by statute.

Standing is essential to bring the claims asserted in the first and second cause of action and must exist at the time the action is filed under these Probate Code sections.  See also *Estate of Lowrie* (2004) 118 Cal. App. 4th 220, 230-231; *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1004.

Defendant/Cross-complainant Conni Catalano is not an interested party under California intestate succession because the FACC alleges that the decedent had issue, the two minor children (FACC ¶ 8), under California Probate Code § 6402.

Probate Code § 6402 provides in relevant part:

6402. Except as provided in Section 6402.5, the part of the intestate estate not passing to the surviving spouse or surviving domestic partner, as defined in subdivision (b) of Section 37, under

9

Section 6401, or the entire intestate estate if there is no surviving spouse or domestic partner, passes as follows:

(a) **To the issue of the decedent**, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take in the manner provided in Section 240.

(b) If there is no surviving issue, to the decedent's parent or parents equally.

Because defendant/cross-complainant Conni Catalano lacks standing, the Court should grant the motion to dismiss of plaintiff/cross-defendant Julianne Catalano for failure to state a claim as to the first and second causes of action of the FACC.

Defendant/cross-complainant makes vague references that the SEP IRA falls under "ERISA" guidelines, and ERISA preempts all probate, family and community property laws as they may now or hereinafter relate to any employee benefit plan covered by ERISA, but does not allege if in fact that the SEP IRA is governed by ERISA, or how ERISA may apply or what sections apply to the SEP IRA. FACC, §§ 2, 13-14.

In any event, ERISAs preemption provision does not apply to IRAs (individual retirement accounts). *Lazar v. Kronke,* 862 F.3d 1186, 1195-1198 (9th Cir. 2017) (Arizona's revocation-on-divorce statute resulted in forfeiture of former spouse's rights to IRA after IRA owner's death). In *Lazar*, the Ninth Circuit held that federal IRA statutes do not include an express preemption clause like ERISA (Employee Retirement Income Security Act), and ERISA preemption provision (29 U.S.C. § 1144(a)) does not govern IRAs. *Id.,* 1197-1198. In fact, the Ninth Circuit held that because domestic relations and probate are areas of traditional state control, there is a presumption against preemption. *Id.,* at 1195. IRAs are governed by 28 U.S.C. § 408. See *Lazar,* 862 F.3d at 1195; 28 U.S.C. § 408. See also 28 U.S.C. § 408(k) for SEP IRAs. Even if ERISA preemption applied which it does not, there is no allegation that Julianne Catalano executed any spousal waiver of her automatic designation as the beneficiary of a retirement account under ERISA. See 26 U.S.C. § 417(a)(2).

**2.     The First and Second Causes of Action of the First Amended Cross-Complaint Fails to State a Claim Because it Fails to Allege Any Factual Basis for the Felonious Killing of the Decedent and Should Be Dismissed**

The allegations in the FACC in the first and second causes of action as to the felonious and intentional killing of the decedent Jannik Catalano by Julianne Catalano, which is the gravamen of all

10

1  of the claims, are deficient because they are entirely based on information and belief.  FACC ¶¶ 24-25;

2  see also FACC ¶¶ 19, 20, 22, 23.  Without a factual basis for the intentional killing there is no cognizable

3  claim in the second cause of action, and therefore it should be dismissed.

4          In the second cause of action, the FACC also alleges a cause of action for declaratory relief.  The

5  FACC alleges that plaintiff/cross-defendant Julianne Catalano did commit a "felonious and intentional

6  killing" of her husband Jannik Catalano, .  FACC, §§ 2, 27, 30-38.  As a result, defendant/cross-

7  complainant alleges that the killer has no right of survisorship, and is not entitled to any rights in real

8  property, personal property, accounts, life insurance policies, and other property.  FACC, §§ 30-38.

9          The FACC does not allege any factual basis as to how, when, or where defendant Conni Catalano

10  obtained any any facts regarding the death of Jannik Catalano.  There is no allegations that she was

11  present in Mexico.  There is no allegations regarding any criminal charges or convictions.  There is no

12  allegations as to how the defendant/cross-complainant Conni Catalano has any basis, foundation or

13  knowlegdge to allege any facts regarding the death of Jannik Catalano, or as to any involvement of

14  plaintiff/cross-defendant Julianne Catalano. The cross-complaint is pure fantasy, fiction, and speculation,

15  created by defendant/cross-complainant Conni Catalano and her counsel.

16          The FACC is uncertain as to any proof that the plaintiff/cross-defendant was involved in any

17  manner in causing the death of Jannik Catalano.  The allegations have no basis or foundation whatsoever,

18  nor do they have any specificity as to how Conni Catalano has any basis or knowledge that Julianne

19  Catalano was involved in causing the death of Jannik Catalano.  There is no allegations as to any person

20  who has knowledge that plaintiff/cross-defendant Julianne Catalano participated in any manner in

21  causing the death of Jannik Catalano.  The allegation of murder is of the most serious of offences as

22  therefore should require some specificity as to how Conni Catalano has any knowledge or basis for the

23  allegations.

24          Conclusory allegations such as these are insufficient to state a claim against Hill. See *Ashcroft*

25  *v. Iqbal*, 556 U.S. 662, 686 (2009) ("[T]he Federal Rules do not require courts to credit a complaint's

26  conclusory statements without reference to its factual context.").  A complaint will not survive a motion

27  to dismiss if it "tenders naked assertions devoid of further factual enhancement." *Id*. at 678 (alteration

28  and internal quotation marks omitted). Conni Catalano's complaint does not contain any specific factual

11

1　allegations regarding Julianne Catalano's involvement in the death of Jannik Catlano giving rise to this

2　lawsuit.

3　　　　The complaint in *Twombly* presented its "ultimate allegations" on information and belief.

4　*Twombly*, 550 U.S. at 551. Citing the defendants' "parallel course of conduct," the plaintiffs alleged

5　"upon information and belief" that the defendants had "entered into a contract, combination or

6　conspiracy" in violation of the antitrust laws. *Id.* The Supreme Court held that the plaintiffs had "not

7　nudged their claims across the line from conceivable to plausible," and accordingly, "their complaint

8　must be dismissed." *Twombly*, 550 U.S. at 547.  See also *Twombly*, 550 U.S. at 570 (dismissing a case

9　where the plaintiffs' allegations had "not nudged their claims across the line from conceivable to

10　plausible"); *Chavez v. United States*, 683 F.3d 1102, 1110 (9th Cir. 2012); *Blantz v. Cal. Dep't of Corr.*

11　*& Rehab.*, 727 F.3d 917 (9th Cir. 2013).

12　　　　There is no factual basis from which to draw any inference or conclude that is it plausible that

13　Julianne Catalano committed a felonious and intentional killing of Jannik Catalano. The cross-complaint

14　against Julianne Catalano is entirely speculation devoid of any factual basis. As such, the complaint lacks

15　sufficient well-pleaded facts to allege a cognizable legal theory.

16　　　　As shown above, ERISA's preemption provision does not apply to IRAs/individual retirement

17　accounts.  *Lazar v. Kronke,* 862 F.2d 1186, 1195-1198 (9th Cir. 2017).

18　　　　Unless Cross-complainant has proposed amendments that are not merely additional conclusory

19　allegations of the sort that are insufficient under *Iqbal* and *Twombly*, the court should not grant leave to

20　amend.  Therefore, the court should grant the motion to dismiss as the first and second causes of action.

21　**III.**　**CONCLUSION**

22　　　　Based on the foregoing, the Court should grant the motion to dismiss the first and second cause

23　of actions against plaintiff/cross-defendant Julianne Catalano in the first amended cross-complaint of

24　defendant/cross-complainant Conni Catalano, without leave to amend.

25　Dated: November 13, 2017　　　　　LAW OFFICE OF JAMES FARINARO

26　　　　　　　　　　　　　　　　　/s/ JAMES FARINARO

27　　　　　　　　　　　　　　　　　JAMES FARINARO

28　　　　　　　　　　　　　　　　　Attorney for Plaintiff/Cross-Defendant Julianne Catalano

<u>PROOF OF SERVICE</u>

I, James Farinaro, certify and declare as follows:

My business address is 852 East 14th Street, San Leandro, California 94577.  I am a member of the Bar of the State of California with a business address at 82 East 14th Street, San Leandro, CA.  I am not a party to this action and I am over 18 years of age.

On November 13, 2017 I served the foregoing document:

      1.     **PLAINTIFF/CROSS-DEFENDANT JULIANNE F. CATALANO'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AND SECOND CAUSES OF ACTION OF THE FIRST AMENDED CROSS-COMPLAINT OF DEFENDANT/CROSS-COMPLAINANT CONNI TROEST CATALANO; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

on following persons in this action:

Patrick E. Catalano
Catalano & Catalano
459 Manzano Place
Chula Vista, CA 91910
Email: patrick.catalano@legalcat.com

Ben Sutter
Keesal, Young & Logan
450 Pacific Ave.
San Francisco, CA 94133
Email: Ben.suter@kyl.com

[ ] BY MAIL

by placing a true copies of the foregoing document in sealed envelope with postage fully paid addressed as described above and depositing the envelope in the U.S. Mail at Oakland, CA.

[x] BY ELECTRONIC SERVICE

(BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 13, 2017 at Oakland, California.

/s/ JAMES FARINARO
JAMES FARINARO